NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

OCT 23 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| WILLIAM BOURLAND, | No. 16-15792 |
| Plaintiff-Appellant, | D.C. No. 3:13-cv-00660-MMD-WGC |
| v. | |
| HUMBOLDT COUNTY, a political subdivision of the State of Nevada, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Nevada
Miranda M. Du, District Judge, Presiding

Submitted October 18, 2017**
San Francisco, California

Before: HAWKINS, W. FLETCHER, and TALLMAN, Circuit Judges.

Plaintiff William Bourland appeals the district court's adverse grant of

summary judgment. Bourland raises several claims under 42 U.S.C. § 1983 related

to his support of Andy Rorex, who was unsuccessful as a candidate in the

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

November 2010 election for Humboldt County Sheriff in Nevada. He claims First Amendment retaliation, defamation-plus, and seeks to hold the County liable. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1. The district court properly granted summary judgment against Bourland on his First Amendment retaliation claim. Bourland fails to demonstrate that his political support for Rorex was a substantial or motivating factor in the alleged adverse employment action—the district attorney's transmission of a "*Brady* letter" to Bourland's employer, the Winnemucca Police Department, in June 2013 regarding Bourland's April 2013 harassment conviction. *See Desrochers v. City of San Bernardino*, 572 F.3d 703, 708–09 (9th Cir. 2009). Bourland campaigned for Rorex more than two years before the letter was written. *Compare Keyser v. Sacramento City Unified Sch. Dist.*, 265 F.3d 741, 752 (9th Cir. 2001) (finding two years was too remote to find causation) *with Allen v. Iranon*, 283 F.3d 1070, 1078 (9th Cir. 2002) (holding an 11–month gap between the protected speech and denial of a government benefit "is within the range that has been found to support an inference than an employment decision was retaliatory."). The political activity was not sufficiently "proximate in time" to give rise to an inference of retaliation. *Coszalter v. City of Salem*, 320 F.3d 968, 977 (9th Cir. 2003). Bourland fails to establish a *prima facie* case for First Amendment retaliation, and summary judgment was warranted.

2.  The district court properly granted summary judgment against Bourland on his defamation-plus claim.  Defamation-plus requires the plaintiff to "allege that the injury to reputation was *inflicted in connection* with a federally protected right; or . . . the injury to reputation *caused the denial* of a federally protected right."  *Herb Hallman Chevrolet, Inc. v. Nash-Holmes*, 169 F.3d 636, 645 (9th Cir. 1999) (emphasis in original).  Bourland's right to free speech was not denied.  Therefore, his defamation-plus claim fails as well.

3.  We do not reach the issues of municipal liability or the scope of Nevada's Anti-SLAPP statute because Bourland has not established a constitutional violation.  *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 480 (1986).

Plaintiff shall bear all costs of appeal.  *See* Fed. R. App. P. 39(a)(2).

**AFFIRMED.**